**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JOANN BOYD, et al.,** ) | **CASE NO. 5:20-CV-02294** |
| ) | |
| **Plaintiffs,** ) | **JUDGE DAN AARON POLSTER** |
| **vs.** ) | |
| ) | **OPINION AND ORDER** |
| **AMERICAN FINANCIAL SECURITY** ) | |
| **LIFE INSURANCY COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

Before the Court is the Motion for Judgment on the Pleadings of Defendants Broadspire Services Inc. and Crawford & Company (Doc. #: 14). Plaintiffs filed a brief in opposition (Doc. #: 19). Defendants filed a reply (Doc. #: 20). For the following reasons, the Motion is **GRANTED.**

### I.  Factual Background

In the First Amended Complaint ("Complaint"), Plaintiffs assert claims relating to Defendants' denial of insurance claims made following the death of David Warthen. *See generally* Compl. (Doc. #: 1-1).

Plaintiffs allege Mr. Warthen "maintained an insurance policy, policy number 99077153" with Broadspire, Crawford, and non-moving Defendants Chubb Insurance Solutions Agency, Inc., and Federal Insurance Company. *Id.* ¶ 24. Plaintiffs incorporate into the Complaint the "documentation concerning such coverage," labeled as Exhibit B. *Id.*, Ex. B. The first page of Exhibit B, titled "HOW TO FILE A NEW CLAIM," is the only page that relates to policy number 99077153 or references Broadspire or Crawford. *See* Compl., Ex. B (Doc. #: 1-1). That page provides notice to the policyholder that Broadspire, a subsidiary of Crawford, is a "third party

administrator assigned … to process" claims. *Id.* Another page of Exhibit B, titled "Enrollment Form – Voluntary Accident Insurance" references only Chubb and Federal Insurance. *Id.* The last two pages of Exhibit B are part of a document titled "Voluntary Accidental Death & Dismemberment Insurance Underwritten by: Federal Insurance Company, a member of Chubb Group of Insurance Companies." *Id.* Exhibit B includes all documents Plaintiffs had concerning potential claims against Defendants when they filed the Complaint. Opp. at 3–4 (Doc. #: 19).

## II.     Procedural History

On September 2, 2020, Plaintiffs, citizens of Ohio and Georgia, filed this action in state court in Ohio. On October 9, 2020, Defendant CMFG Life Insurance Company removed the action to this Court, asserting Plaintiffs fraudulently joined Broadspire and Crawford, citizens of Georgia, to defeat complete diversity. *See* Notice of Removal ¶ 14 (Doc. #: 1).

Plaintiffs allege, in Counts III and IV of the Complaint, that Broadspire and Crawford breached their contractual obligations and acted in bad faith by denying Plaintiffs' claims for proceeds under policy number 99077153. Compl. ¶¶ 23-34 (Doc. #: 1-1). Broadspire and Crawford timely filed their Answer. Doc. #: 11.

On November 13, 2020, Broadspire and Crawford filed the instant motion for judgment on the pleadings, arguing Plaintiffs do not have a viable claim against them because they did not issue an insurance policy to any of the Plaintiffs or Mr. Warthen and Ohio law precludes bad faith claims against third-party claim administrators. Doc. #: 14.

## III.     Legal Standard

In the absence of a federal question, when a non-diverse party has been joined as a defendant, the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. *Casis v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012);

*see also Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."). A defendant is fraudulently joined if it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Casis*, 695 F.3d at 432 (citation omitted). The relevant inquiry is whether there is "a colorable basis for predicting that a plaintiff may recover against [a defendant]." *Id.* (quotation omitted).

The Sixth Circuit applies the same standard to a Rule 12(c) motion for judgment on the pleadings as to a motion to dismiss under Rule 12(b)(6). *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). The Court must accept all well-pleaded, non-conclusory allegations as true and draw all reasonable inferences in favor of the Plaintiffs. *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007); *Stanford v. United States*, 948 F. Supp. 2d 729, 743 (E.D. Ky. 2013). To survive the motion, the complaint must "contain sufficient factual matter … to state a claim to relief that is plausible on its face." *Reilly*, 680 F.3d at 622 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court may consider documents attached to or incorporated in pleadings. *See Whittiker v. Deutsche Bank Nat. Trust. Co.*, 605 F. Supp. 2d 914, 924 (N.D. Ohio 2009). A motion for judgment on the pleadings should be granted when no material issue of fact exists and the moving party is entitled to judgment as a matter of law. *Id.*

**IV. Analysis**

The Court first considers whether Broadspire and Crawford were fraudulently joined, which bears on this federal court's subject matter jurisdiction, before turning to whether Broadspire and Crawford are entitled to judgment on the pleadings.

3

### a. Fraudulent joinder

Defendants removed this case to federal court based on fraudulent joinder. *See* Notice of Removal ¶ 14 (Doc. #: 1-1). Plaintiffs argue they did not fraudulently join Broadspire and Crawford to defeat diversity. Opp. at 6 (Doc. #: 19). Instead, they assert, there is "a reasonable basis for predicting that state law might impose liability upon" Broadspire and Crawford, and therefore this Court should remand this case due to lack of subject matter jurisdiction. *Id.* at 7. Plaintiffs claim the "reasonable basis" comes from Exhibit B, which they argue establishes Broadspire is a subsidiary of Crawford and had "involvement in processing the insurance claim." *Id.* Plaintiffs claim discovery is needed "to determine what this involvement is, and whether any of [Broadspire's and Crawford's] actions contributed to the denial of this claim." *Id.*

Broadspire and Crawford show, as addressed below, that Plaintiffs have not alleged plausible claims against them. Plaintiffs offer no legal authority supporting that a document such as Exhibit B—which shows (i) the policy is underwritten by Federal Insurance Company, and (ii) Broadspire, a subsidiary of Crawford, is the third-party administrator assigned to process the claim on behalf of Federal Insurance Company—establishes a colorable basis for predicting that state law might impose liability upon Broadspire and Crawford for contractual claims. Plaintiffs likewise do not argue "involvement in processing the insurance claim" provides a colorable basis for their contract claims or how discovery into that involvement will bolster the claims.

Broadspire and Crawford have demonstrated they were fraudulently joined by showing there is no colorable basis under Ohio law for Plaintiffs to recover from them. Therefore, the Court has subject matter jurisdiction over this case and the Motion.

### b. Breach of contract

A plaintiff alleging a breach of contract must show privity of contract with the defendant. *Sobh v. Am. Family Ins. Co.*, 755 F. Supp. 2d 852, 855 (N.D. Ohio 2010).

Broadspire and Crawford argue Plaintiffs cannot maintain their breach of contract claim because the pleadings show Plaintiffs do not have a contract with them. Mem. at 6 (Doc. #: 14). Specifically, Broadspire and Crawford assert Exhibit B contradicts Plaintiffs' allegation that Mr. Warthen maintained an insurance policy with Broadspire and Crawford and makes clear that Broadspire, which is a subsidiary of Crawford, is a "third-party administrator assigned to act on behalf of Federal Insurance … to process [a] claim." Mem. at 6–7 (Doc. #: 14 (citing Compl., Ex. B (Doc. #: 1-1)). Further, Exhibit B states it is "voluntary accidental death & dismemberment insurance underwritten by Federal Insurance Company," and the enrollment form refers to Federal Insurance Company, not Broadspire or Crawford. *Id.*

Plaintiffs do not dispute privity of contract is required for a breach of contract claim. Instead, they contend Broadspire's and Crawford's arguments are premature. Opp. at 8 (Doc. #: 19).[1] Plaintiffs assert the Complaint alleges facts that set forth a plausible claim against Broadspire and Crawford for failure to pay out insurance claims after Mr. Warthen's death. *Id.* at 8 (citing Compl. ¶ 23–34, Ex. B (Doc. #: 1-1)). Plaintiffs cite "especially" to the page of Exhibit B that indicates Broadspire, a subsidiary of Crawford, is a third-party administrator assigned to process the claim. *Id.* Plaintiffs argue the "process your claim" language leaves unclear Broadspire and Crawford's role in denying the claims of Mr. Warthen's estate. *See* Opp. at 5 (Doc. #: 19).

---

[1] Plaintiffs also challenge Defendants' reliance on the Declaration of Carlos Brown, arguing the Court should not consider it because it is not attached to the pleadings. Opp. at 9. But Defendants attached the declaration to their Amended Answer. *See* Doc. #: 11. Thus, the Court can consider it. *See Whittiker*, 605 F. Supp. 2d at 924. Plaintiffs do not provide any authority requiring the Court to disregard the declaration because Plaintiffs have not been able to cross examine it or otherwise probe its trustworthiness. *See* Opp. at 9. Notwithstanding that the Court can consider it, the Court reaches the conclusions herein without reference to the declaration.

Plaintiffs do not specify any allegation of privity of contract, and they concede that if during discovery "it is determined that there is no privity of contract," an argument barring their breach of contract and bad faith claims may succeed in a motion for summary judgment. *Id.* at 8–9.

Plaintiffs offer no legal authority supporting their argument that the Complaint, including Exhibit B, alleges a "plausible claim for relief" against Broadspire and Crawford for breach of contract and bad faith. The Complaint alleges, *inter alia*, Mr. Warthen "maintained an insurance policy … with [Broadspire and Crawford]." Compl. ¶ 24 (Doc. #: 1-1). That allegation incorporates Exhibit B, which "concern[s] such coverage." *Id.* Exhibit B states Broadspire, a subsidiary of Crawford, is assigned to process Plaintiffs' claim, which is underwritten by Federal Insurance Company. *Id.*, Ex. B. Plaintiffs do not argue Exhibit B plausibly alleges privity of contract or identify any other allegation in the Complaint regarding privity of contract. In the absence of an alleged contractual relationship, Broadspire's role in handling the insurance claims is not relevant to Plaintiffs' contract claim and no discovery will establish liability.

Accepting all non-conclusory allegations as true, and drawing all reasonable inferences in Plaintiffs' favor, the Complaint alleges (i) Mr. Warthen maintained policy number 99077153, (ii) Broadspire is a third-party administrator assigned to process claims made under the policy; (iii) Broadspire is a subsidiary of Crawford; and (iv) the policy was underwritten by Federal Insurance Company. Compl., Ex. B (Doc. #: 1-1). Plaintiffs failed to plausibly allege the contractual relationship essential to a breach of contract claim, and Broadspire and Crawford are entitled to judgment as a matter of law.

### c. Bad faith

The duty of an insurer to act in good faith in handling claims of the insured derives from the contract between the insurer and insured. *See Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 3d 272,

6

275–76 (Ohio 1983). Ohio law "strongly points to the conclusion that, absent privity, an insured cannot assert a claim against a third-party claims administrator for adjusting its claim in bad faith." *William Powell Co. v. Nat'l Indem. Co.*, 141 F. Supp. 3d 773, 782 (S.D. Ohio 2015) (summarizing state appellate court decisions).

Broadspire and Crawford argue the bad faith claim fails as a matter of law because there is no contractual relationship between Plaintiffs or Mr. Warthen and Defendants. Mem. at 8–9 (Doc. #: 14). Plaintiffs do not separately challenge this argument.[2] Instead they rely on the same argument summarized above—that they allege a plausible claim and Defendants' arguments are premature. Opp. at 8–9 (Doc. #: 19). The Court already has addressed and rejected Plaintiffs' counterarguments. Construing the allegations in their favor, as a matter of law Plaintiffs have not alleged a plausible bad faith claim against Broadspire and Crawford.

**V.     Conclusion**

Accordingly, Broadspire's and Crawford's Motion for Judgment on the Pleadings, Doc. #: 14, is **GRANTED.** Plaintiffs' claims against Broadspire and Crawford are **DISMISSED WITH PREJUDICE.** Plaintiffs' request for remand to the Stark County Court of Common Pleas is **DENIED**.

**IT IS SO ORDERED.**

 /s/ Dan Aaron Polster  January 19, 2021
 **DAN AARON POLSTER**
 **UNITED STATES DISTRICT JUDGE**

---

[2] Defendants anticipated an argument by Plaintiffs that Broadspire and Crawford are liable for bad faith under a management/delegation theory. *See* Mem. at 9 (Doc. #: 14). Plaintiffs did not make such an argument in response to Defendants' Motion, and therefore the Court will not address this issue.